# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**MOTION UNDER 28 U..S.C §2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| Name of Movant | Inmate Number: | Criminal Docket No. |
|---|---|---|
| JAMES ALLEN MOORE | 41886-039 | 08-CR-20060-1 |

Place of Confinement: (Name, Street or P.O. Box, City, State And Zip Code)

YANKTON FEDERAL PRISON CAMP, Yankton, South Dakota

| | Include Name upon which Convicted |
|---|---|
| United States of America | JAMES ALLEN MOORE |
| | (full name of Movant) |

## MOTION

1. Name and location of court which entered the judgment of conviction under attack:
   UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

2. Date of judgment or conviction:
   26 August 2008

3. Length of sentence:
   87 months

4. Nature of offense involved (include all counts):
   21 U.S.C. § 841(a)(1), Distribution of 5 Grams or More of Cocaine Base, Count I;
   21 U.S.C. § 841(a)(1), Distribution of 50 Grams or More of Cocaine Base, Count II.

5. Was your plea (check one):
   a)   Not Guilty         ☐
   b)   Guilty             ☒
   c)   Nolo contendere    ☐

AO 243                                                                  Page 2 of 7

If you entered a guilty plea to one count or indictment and a not guilty plea to another count or indictment, give details:

_____
_____
_____
_____

6. Kind of trial (check one):

   a) Jury           ☐
   b) Judge only     ☐

7. Did you testify at the trial?

   Yes ☐     No ☐

8. Did you appeal from the judgment of conviction?

   Yes ☐     No ☒

9. If you did appeal, answer the following:

   (a) Name of court: _____
   (b) Result: _____
   (c) Date of result: _____

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in any federal court?

    Yes ☐     No ☒

11. If your answer to 10 was "yes", give the following information:

    1. (1) Name of court: _____
       (2) Nature of proceeding: _____
       _____
       _____
       _____

       (3) Grounds Raised: _____
       _____
       _____
       _____

       (4) Did you receive an evidentiary hearing on your petition, application or motion?

           Yes ☐     No ☐

AO 243                                                          Page 3 of 7

(5) Result: _____

(6) Date of Result: _____

(b) As to any second petition, application or motion give the same information:

(1) Name of court: _____

(2) Nature of proceeding: _____
_____
_____

(3) Grounds Raised: _____
_____
_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐    No ☐

(5) Result: _____

(6) Date of Result: _____

3. As to any third petition, application or motion give the same information:

(1) Name of court: _____

(2) Nature of proceeding: _____
_____
_____

(3) Grounds Raised: _____
_____
_____
_____

(4) Did you receive an evidentiary hearing on your petition, application or motion?

Yes ☐    No ☐

(5) Result: _____

(6) Date of Result: _____

State concisely every ground on which you claim that you are being held unlawfully. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting same.

CAUTION: If you fail to set forth all grounds in this motion, you may be barred from presenting additional grounds at a later date.

For your information, the following is a list of the most frequently raised grounds for relief in these proceedings. Each statement preceded by a letter constitutes a separate ground for possible relief. You may raise any grounds which you have other than those listed. However, you should raise in this motion all available grounds (relating to this conviction) on which you based you allegations that you are being held in custody unlawfully.
Do not check any of these listed grounds. If you select one or more of these grounds for relief, you must allege facts. The motion will be returned to you if you merely check (a) through (j) or any one of these grounds:

1. Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge and the consequences of the plea.
2. Conviction obtained by the use of coerced confession.
3. Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
4. Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
5. Conviction obtained by a violation of the privilege against self-incrimination.
6. Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
7. Conviction obtained by a violation of the protection against double jeopardy.
8. Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
9. Denial of effective assistance of counsel.
10. Denial of right to appeal.

A. Ground one: Appointed counsel failed to investigate and failed to offer effective counsel.

Supporting FACTS (tell your story *briefly* without citing cases or law: Counsel failed to challenge the sentencing enhancement for possession of a dangerous weapon in connection with the instant offenses and Petitioner is actually and factually innocent of the conduct necessary to support the enhancement.

B. Ground two: _____
Supporting FACTS (tell your story *briefly* without citing cases or law: _____

AO 243                                                                                                     Page 5 of 7

C.  Ground three: _____

Supporting FACTS (tell your story *briefly* without citing cases or law: _____

_____

_____

_____

_____

_____

D.  Ground four: _____

Supporting FACTS (tell your story *briefly* without citing cases or law: _____

_____

_____

_____

_____

(13) If any of the grounds listed in 12 A,B,C, and D were not previously presented, state briefly what grounds were not so presented, and give reasons for not presenting them. Counsel failed to object, preserve the issue of law for appellate review of the enhancement.

_____

_____

(14) Do you have any petition or appeal now pending in any court as to the judgment under attack?
Yes ☐    No ☐

(15) Give the name and address, if known, of each attorney who represented you in the following states of the judgment attached hereto:

  (1) At preliminary hearing:
      Joan E. Morgan (appointed)
      2057 Orchard Lake Road  Sylvan Lake, Michigan  48320

  (2) At arraignment and plea:
              (same)

  (3) At trial: _____

  (4) At sentencing: _____(same)_____

(5)   On appeal: _____

_____

(6)   In any post-conviction proceeding: _____

_____

(7)   On appeal from any adverse ruling in a post-conviction proceeding: _____

_____

(16)   Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?

   Yes ☒     No ☐

(17)   Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

   Yes ☐     No ☐

   (1)   If so, give name and location of court which imposed sentence to be served in the future:

   _____

   _____

   (2)   Give date and length of the above sentence:

   _____

   _____

   (3)   Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

   Yes ☐     No ☐

Wherefore, Movant prays that the Court grant him all relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (in any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

03-04-09
_____
Date

                                             *James Allen Moore* 41886-039
                                             _____
                                             Signature of Movant

AO 243                                                                  Page 7 of 7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

JAMES ALLEN MOORE,                               Case No. _____
        Petitioner,

vs.

UNITED STATES OF AMERICA,
        Respondent.

MEMORANDUM IN SUPPORT OF MOTION PURSUANT TO 28 U.S.C. § 2255

COMES NOW, James Allen Moore, Petitioner **pro se** in the above captioned matter, with MEMORANDUM IN SUPPORT OF MOTION PURSUANT TO 28 U.S.C. § 2255, claiming his sentence is imposed in violation of the Constitution and laws of the United States, and in support thereof does state:

1. Appointed counsel Joan E. Morgan was not diligent and failed to offer effective assistance of counsel, in violation of the Sixth Amendment's guarantee that an attorney representing a client in a criminal matter exercise skill, judgement and diligence in the performance of their duties in placing the Government's case to adversarial scrutiny and her lack of action has caused Petitioner to suffer a loss of liberty in excess of the terms of the plea agreement. Specifically, Counsel Morgan was not diligent and failed to challenge the United States Sentencing Guideline (USSG) § 2D1.1(b)(1) enhancement for possession of a dangerous weapon in connection with the offense of conviction.

2. The court's record assessing facts to support a § 2D1.1(b)(1) enhancement in-

clude an unsubstantiated statement by a confidential informant that Petitioner "always carried a gun". It should be noted that the record is silent on the presence or use of a dangerous weapon during the surveilled controlled drug purchases on 22 October 2007 and on 31 October 2007, events that represent Counts I and II of the Indictment and subjects of the Plea Agreement.

3. On 20 February 2008 a search warrant was executed at Petitioner's residence and a firearm (shotgun), not an item described for seizure in the search warrant, was found secured in a hard plastic case, under a bed and the court's record contains no facts or evidence presented by the Government to demonstrate that the firearm was in some manner connected to Counts I and/or Count II of the Indictment and the Plea Agreement. Petitioner did not admit the use or the connection of the firearm to the offenses contained in the Plea Agreement. No indicia exist to connect the firearm to any offense.

4. To meet its burden in support of the USSG 2D1.1(b)(1) enhancement the Government must show "by a preponderance of the evidence that the defendant possessed the firearm" while committing a drug trafficking offense, see United States vs. Solorio (6th Cir. 2003) 337 F.3d 580, 599. To apply the § 2D1.1(b)(1) enhancement the dangerous weapon must be actually or constructively possessed during the commission of the offense, see United States vs. Sanchez (6th Cir. 1991) 928 F.2d 1450, 1460. § 2D1.1 Application Note 3 states that possession of a dangerous weapon not clearly connected to the offense should not be considered.

5. Inorder to apply the § 2D1.1(b)(1) enhancement to Petitioner's offense the district court must rely on the presumption that it was connected to the offense(s) because no facts are in support of a finding. "[C]onclusive presumptions do not establish a rule of evidence", see United States vs. Davio (DC Mich. 1955) 136 F. Supp. 423.

6. A presumption is a legal inference or assumption that a fact exists, based on some other fact or groups of facts and shifts the burden of proof, production or persuasion to the opposing party, see Heiner vs. Donnan (1932) 285 US 312; Mobile, J. & K. C.R. Co. vs. Turnipseed (1910) 219 US 35.

7. Statutory presumption must be regarded as "irrational" or "arbitrary", unless it can be sustained by a rational connection between the fact proved and the ultimate fact presumed. In <u>Tot vs. United States</u> (1943) 319 US 463, the Supreme Court held a statute providing that the possession of a firearm or ammunition by a person who had been convicted of a crime of violence or was a fugitive from justice (disabled person under statute) should be presumptive evidence that the firearm or ammunition had been in interstate commerce in violation of the statute, and as such, was unconstitutional. The Court held this type of presumption unconstitutional and a denial of due process of law under the Constitution's Fifth Amendment since the fact presumed from the fact proven was arbitrary and lacked a connection in common experience between the two. The Court further held that it was not permissible to shift the burden of coming forward with evidence to rebut the presumed fact which had no relevance to guilt of the charged offense.

8. In the Supreme Court case of <u>Leary vs. United States</u> (1969) 395 US 6, the Court emphasized that since the process of determining the rationality of the connection between a fact proved and an ultimate fact presumed is by its nature highly empirical, significant weight should be accorded the congressional capacity to amass the stuff of actual experience and cull conclusions from it in matters not within specialized judicial competence or completely commonplace.

<u>CONCLUSION</u>

Petitioner contends that his defense counsel was not diligent and did not offer effective representation by failing to address the § 2D1.1(b)(1) enhancement which is clearly erroneously imposed, a cause which prejudices him with a sentence in excess of the punishment imposed under the instant offenses as subjects of the Plea Agreement. This action is constitutionally infirm under our Constitution's Fifth and Sixth Amendments and should serve as basis to allow this court habeas review and Petitioner a hearing on his merits.

THEREFORE, Petitioner Prays this Honorable Court grant his § 2255 Motion with a hearing and habeas review.

4 March 2009

Respectfully submitted,

*James Allen Moore*

James Allen Moore

Inmate Reg. #41886-039

Yankton FPC P.O. Box 700

Yankton, S.D.   57078