UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                  Case Number 08-20060-BC
v.                                        Honorable Thomas L. Ludington

JAMES ALLEN MOORE,

        Defendant.
_____/

**ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR APPOINTMENT OF COUNSEL, AND DIRECTING SUPPLEMENTAL BRIEFING**

Defendant James Allen Moore entered a guilty plea without a Rule 11 plea agreement to two counts of distributing cocaine base in violation of 21 U.S.C. 841(a)(1) on May 15, 2008. He was later sentenced to 87 months in prison. [Dkt. # 20]. Now before the Court is Defendant's motion pursuant to 28 U.S.C. § 2255, challenging his sentence on the ground of ineffective assistance of counsel. Defendant alleges in his pro se brief that his counsel failed to challenge a guideline sentencing enhancement and also failed to discuss the availability and advisability of a direct appeal. Def.'s Mot. to Vacate; [Dkt. # 21].

The motion was referred to Magistrate Judge Binder, who issued a report recommending the motion be granted in part, and that Defendant be resentenced. [Dkt. # 29]. Because just resolution of the matter requires additional briefing and potentially an evidentiary hearing, the Court will **GRANT** Defendant's motion for appointment of counsel [Dkt. # 25] and direct additional briefing on the issues involved.

I

Defendant met a confidential informant ("CI") outside of a clothing store his mother owned in Saginaw, Michigan, on October 22, 2007. In exchange for $750, Defendant gave the CI 35 grams of cocaine base. A week later, on October 31, they met again outside a Saginaw wholesale store where Defendant worked. Defendant sold the CI 71 grams of cocaine base for $1,500. Both transactions were videotaped by law enforcement personnel, and the CI carried a device to record sound.

Three months later, on January 30, 2008, a federal grand jury returned a sealed indictment charging Defendant with two counts of distribution of cocaine base in violation of 21 U.S.C. § 841. [Dkt. # 3]. Count I alleged distribution of five grams or more of cocaine base on October 22, 2007. Count II alleged distribution of 50 grams or more on October 31, 2007. The statute provided for a sentence of between five and forty years in prison if convicted under count I. 21 U.S.C. § 841(b)(1)(B)(iii). A conviction for the offense in count II was punishable by a ten-year minimum sentence with the potential for life in prison. 21 U.S.C. § 841(b)(1)(A)(iii).

On February 20, 2008, nearly four months after the controlled drug buys that led to the indictment, it was unsealed and law enforcement personnel executed a search warrant at a home that Defendant rented in Saginaw. Defendant was not present, but police located ammunition in a bedroom and a loaded shotgun in a hard plastic case under the bed. They also found several items commonly used in the manufacture and distribution of cocaine base in the kitchen, including record keeping equipment, baking soda, a glass plate, a razor blade, a scale and plastic bags with cocaine residue, and two boxes of sandwich bags.

After consulting with his appointed counsel, Defendant pleaded guilty to both counts of the indictment on May 15, 2008. A probation officer prepared a presentence report in June, Defendant filed objections to the report in July, and the revised report was distributed to the parties and the Court in early August. The report explained that under the 2007 version of the U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2D1.1(c)(5)[1], distribution of between 50 and 150 grams of cocaine base resulted in a base offense level of 30. Defendant was eligible for a three-level reduction under § 3E1.1(a, b) for acceptance of responsibility, reducing his offense level to 27. The difficult issue, as the report recognized, was how the shotgun police located when executing the search warrant in February should impact Defendant's sentencing guideline analysis.

II

Three guideline provisions were implicated by the presence of a firearm at the time the search warrant was executed at Defendant's rental home in Saginaw. *See* U.S.S.G. §§ 2D1.1(b)(1), 2D1.1(b)(11), and 5C1.2. The first provision, U.S.S.G. § 2D1.1(b)(1), provides for a two-level increase "[i]f a dangerous weapon (including a firearm) was possessed." A presumption arises that the two-level increase applies if the government proves by a preponderance of the evidence that Defendant (1) "possessed" the firearm (2) "during commission" of the offense. *United States v. Bolka*, 355 F.3d 909, 912 (6th Cir, 2004); *United States v. Johnson*, 344 F.3d 562, 565 (6th Cir. 2003). The burden then shifts to the Defendant. He can rebut the presumption by showing that "it is clearly improbable that the [firearm] was connected to the offense." U.S.S.G. § 2D1.1(b)(1), n.3; *Johnson*, 344 F.3d at 565.

---

[1] Some provisions of the U.S. Sentencing Guidelines Manual have been updated and renumbered since the 2007 edition was published. All the citations in this order are to the guidelines as they were numbered in September 2008 when Defendant was sentenced.

The second provision, the so-called safety valve, § 5C1.2(a), applies if Defendant can demonstrate by a preponderance of the evidence that he has met each of five criteria listed in the statute or guideline. 18 U.S.C. § 3553(f). If it applies, the safety valve entitles Defendant to a sentence in accordance with the guidelines "without regard to any statutory minimum sentence . . . ." U.S.S.G. § 5C1.2(a); *Bolka*, 355 F.3d at 912. The second of those five criteria, and the only one disputed in this case, requires that Defendant demonstrate he did not "possess a firearm . . . in connection with the offense . . . ."

The third guideline provision at issue is also implicated by application of the safety valve guideline provision. If the safety valve provision applies, then under U.S.S.G. § 2D1.1(b)(11), Defendant is also eligible for a two-level reduction of the offense level in addition to relief from the statutory minimum sentence.

The probation officer who prepared the presentence report recommended that Defendant receive a two-level increase under § 2D1.1(b)(1) for possession of a firearm, and that he was ineligible for the safety valve for the same reason. The recommendations resulted in an offense level of 29. The guidelines advise, as a threshold matter, a sentence between 87 and 108 months for a level 29 offense. However, because 108 months is less than the ten-year statutory minimum, the presentence report concluded that the statutory minimum of 120 months should apply. The probation officer who prepared the report also concluded that Defendant could not meet his burden, pursuant to the safety valve, of proving he did not possess a firearm in connection with the offense.

At the sentencing hearing on August 26, 2008, the government concurred with the presentence report, arguing that Defendant should receive the statutory minimum sentence of 120 months. The government argued that the safety valve should not apply, and that the § 2D1.1(b)(1)

enhancement should apply, because the shotgun found at the rented home four months after the controlled buys was nevertheless part of the "same course of conduct or common scheme or plan as the offense of conviction." Tr. of Sentencing Hr'g at 8; [Dkt. # 27]. The government emphasized that evidence of manufacture and distribution of cocaine base was found at Defendant's rental home near the shotgun, including cocaine residue, cutting agents, a scale, and razor blades. *Id.*

Defendant, on the other hand, advocated a different application of the sentencing guidelines to the facts of his case. Def.'s Sentencing Mem.; [Dkt. # 19]. Defendant argued that the two-level enhancement for possession of a firearm should not apply, even though he admitted the shotgun was his, because the prosecution could not prove he possessed it "during the commission of a drug trafficking offense," and therefore the presumption that he possessed it in connection with the offense should not apply. *Bolka*, 355 F.3d at 912; *Johnson*, 344 F.3d at 565; *see also* Tr. of Sentencing Hr'g at 5–7; [Dkt. # 27]. Defendant emphasized that the firearm was found nearly four months after the controlled drug purchases took place, that there was no evidence that he had a firearm with him at the clothing store or wholesaler where the controlled buys took place, and that law enforcement personnel did not recover any cocaine base from the rental home where the shotgun was found. Def.'s Sentencing Mem. ¶¶ 4–8; [Dkt. # 19].

Furthermore, Defendant contended, the § 5C1.2(a) safety valve should apply because Defendant had shown by a preponderance of the evidence that the firearm, although his, was not connected to the drug trafficking offense. Defendant said he kept it for protection against burglars. *Id.* Under Defendant's interpretation of the guidelines, the base offense level of 27 would have been reduced by two levels under §2D1.1(b)(11), resulting in a base level of 25. The guidelines direct

a sentence between 57 and 71 months for an offense level 25. Moreover, the mandatory minimum would be disregarded under § 5C1.2(a).

III

At a sentencing hearing conducted on August 26, 2008, the Court agreed with and implemented a third guideline analysis advanced in Defendant's sentencing memorandum. Def.'s Sentencing Mem. ¶ 8; [Dkt. # 19]. Because the different guideline provisions allocated the burden of proof in a different manner and also employed different standards of proof, the Court concluded that Defendant should receive the two-level increase for possessing a firearm in connection with a drug trafficking offense, U.S.S.G. § 2D1.1(b)(1), but that he also qualified for the safety valve justifying a departure from the ten-year statutory minimum sentence, U.S.S.G. § 5C1.2(a). As the result of an apparent error, Defendant did not receive the two-level reduction found in U.S.S.G. § 2D1.1(b)(11). Accordingly, Defendant was sentenced to 87 months in prison based on an offense level of 29. [Dkt. # 20].

Three "facts" were important to the Court in reaching this conclusion. First, the government met its burden of demonstrating by a preponderance of the evidence that Defendant possessed the shotgun "during commission" of the offense because of the discovery of drug related material, like a residue-laden scale and baking soda, at the same home as the shotgun. *See Bolka*, 355 F.3d at 912; *Johnson*, 344 F.3d at 565. The fact that the shotgun was not discovered until four months after the controlled buys did not, without more evidence, remove possession of the firearm from commission of the crime. Second, Defendant failed to show it was "clearly improbable" he possessed the shotgun in connection with the offense, and therefore he failed to rebut the presumption raised by the government, making the two-level increase applicable. U.S.S.G. § 2D1.1(b)(1), n.3. Third,

Defendant did, however, meet the lesser burden of showing by a preponderance of the evidence that he did not possess the firearm in connection with the offense, and therefore qualified for the safety valve. U.S.S.G. § 5C1.2(a). Defendant *did* possess a firearm in connection with a drug trafficking crime under § 2D1.1(b)(1), but because of a different standard of proof, he *did not* possess a firearm in connection with a drug trafficking crime under § 5C1.2(a).

> As the court endeavored to explain at the sentencing hearing:
>
> The [C]ourt's conclusion is that the gentleman is eligible for the safety valve insofar as, on the basis of what I would view as the preponderance of the evidence, he did not possess a firearm in connection with the offense. In part, because of the chronological set of circumstances, the four month period of time, at a minimum.
>
> I do, however, believe that he is eligible for the two point addition as a result of the fact, in part, of the burden of proof, the 2D1 standard necessarily means that once the government has met the presumption, the Defendant must rebut it by . . . demonstrat[ing] it is clearly improbable that the firearm was connected to the offense. Clearly the evidence of trafficking makes that a difficult burden for the defendant to meet, and I do not believe [he] does meet it on the basis of the uncontested matters of fact. Tr. of Sentencing Hr'g at 12; [Dkt. # 27].

After explaining its reasoning, the Court adopted the presentence report, assigning Defendant a base-level offense of 30 for distributing between 50 and 150 grams of cocaine base. U.S.S.G. § 2D1.1(c). The offense level was reduced by three levels for acceptance of responsibility, U.S.S.G. § 3E1.1(a, b), and increased by two levels because of the shotgun, U.S.S.G. § 2D1.1(b)(1), for a final score of 29. Defendant's sentence of 87 months in prison fell on the low end of the 87-to-108-month guideline.

IV

Now before the Court is Defendant's pro se motion, pursuant to 28 U.S.C. § 2255, challenging the constitutionality of his detention. [Dkt. # 21]. He alleges that he was denied his Sixth Amendment right to effective assistance of counsel because his attorney failed to oppose the

§ 2D1.1(b)(1) enhancement at sentencing, Def.'s Mot. to Vacate at 4,[2] and did not discuss Defendant's options for direct appeal, *id.* at 5. Defendant does not allege that he asked his attorney to file a notice of appeal. Defendant devotes most of the brief supporting his 28 U.S.C. § 2255 motion to the argument that the § 2D1.1(b)(1) enhancement should not have been applied. Although that may be true, little if any attention is given to the question of why the issue was not addressed on direct appeal.

Defendant's motion was referred to Magistrate Judge Charles E. Binder [Dkt. # 23], and on July 23, 2009, he issued a report recommending the motion be granted in part [Dkt. # 29]. The government filed a late objection to the report on August 3, 2009 [Dkt. # 31], and the Defendant responded [Dkt. 32], making the report and recommendation ready for consideration.

A

Magistrate Judge Binder concluded in his report and recommendation that Defendant should be resentenced, [Dkt. # 29] because Sixth Circuit case law prohibits the application of both the safety valve and the § 2D1.1(b)(1) firearm enhancement in the same case. Therefore, he suggested, a rational Defendant would choose to appeal. [Dkt. # 29 at 8]. He reasoned that because no appeal was filed in a case where "a rational defendant would want to appeal," Defendant's counsel must have failed to discuss with him the opportunity for a direct appeal. *Roe v. Flores-Ortega*, 528 U.S. 470, 480 (2000). Failure to discuss the possibility of appeal in a case where a rational Defendant would want to appeal is a violation of the Sixth Amendment right to counsel. *Id.*

---

[2] The allegation appears on the fourth page of Defendant's motion, although the page is incorrectly numbered "5 of 7" at the bottom.

Collateral review of a conviction pursuant to § 2255 is the appropriate avenue for bringing an ineffective assistance of counsel claim. *See United States v. Warman*, No. 05-4416, 2009 WL 2497938, at *21 (6th Cir Aug. 18, 2009) (citing *United States v. Aguwa*, 123 F.3d 418, 423 (6th Cir. 1997)) (concluding a § 2255 motion is the "best" time to bring an ineffective assistance of counsel claim because it gives the parties time to fully develop the record).

Without question a rational Defendant would want to appeal if he or she could receive as few as 57 months in prison, instead of an 87-month sentence. Here, as in the "vast majority of cases," Defendant's attorney was required to discuss Defendant's options with him about seeking a direct appeal. *Roe v. Flores-Ortega*, 528 U.S. at 481; *Smith v. State of Ohio Dep't of Rehab. & Corr.*, 463 F.3d 426, 434 (6th Cir. 2006); *see also* Rep. & Recomm. at 6–9, 17; [Dkt. # 29]. However, as the government emphasized in its objection to the report and recommendation [Dkt. # 31 at 5–7], the government could also have cross appealed the sentencing Court's decision that Defendant was eligible for the safety valve. Defendant would also have to assess the risk of receiving a sentence as long as 120 months if the statutory minimum applied.

Although Defendant's attorney was constitutionally required to discuss the possibility of an appeal, she was not required to initiate an appeal unless she and her client concluded, after consultation, that an appeal was advisable, or Defendant directed her to file a notice of appeal despite her advice to the contrary. *See Roe v. Flores-Ortega*, 528 U.S. at 478–80. The fact that Defendant might have received a shorter sentence had he appealed does not necessarily lead to the conclusion that he would have appealed had his counsel presented him with that option.

Defendant alleges in a sworn statement that "counsel failed to discuss the matter or suggest appellate review of the enhancement." Def.'s Mot. to Vacate at 5; [Dkt. # 21]. Although the mere

allegation, taken alone, is insufficient to merit relief in the form of a new sentencing hearing, in this instance, it may entitle Defendant to an evidentiary hearing to determine whether or not Defendant's statement is correct. If counsel did not discuss the availability of direct appeal with Defendant, counsel's performance was constitutionally insufficient and Defendant is entitled to collateral review of his sentence. *See Strickland v. Washington*, 466 U.S. 668 (1984) (describing counsel's "overarching duty to advocate the defendant's cause and the more particular dut[y] to consult with defendant on important decisions").

B

There is a second sentencing question that also merits attention, although it has not been directly addressed by Defendant or the government. At sentencing, the Court concluded that the applicable guideline called for a sentence between 87 and 108 months in prison. Given that Defendant had only one criminal history point, it follows that the Court assigned an offense level of 29. Starting with a base level of 30 for distribution of 50 to 150 grams of cocaine base, deducting three levels for admission of responsibility, U.S.S.G. § 3E1.1(a, b), and adding two levels for the § 2D1.1(b)(1) firearms enhancement, leads to a score of 29. Thus, the § 2D1.1(b)(11) two-level reduction for meeting all the safety valve criteria was not applied, even though the safety valve itself was applied to avoid application of the statutory minimum sentence. *See* U.S.S.G. § 5C1.2.

At the sentencing hearing, the Court found that both the § 2D1.1(b)(1) enhancement and the § 5C1.2 safety valve would apply, and concluded that the appropriate range was 87 to 108 months. Neither Defendant's counsel nor counsel for the government objected to the Court's determination. Earlier in the hearing, however, Defendant's counsel had argued that if the § 5C1.2 safety valve applied, so too should the § 2D1.1(b)(11) two-level reduction. Tr. of Sentencing Hr'g at 7; [Dkt.

# 27]. If the two level reduction had been applied, the resulting offense level would have been a 27, not a 29; the guideline range would have been 70 to 87 months, not 87 to 108.

The government's objection to Magistrate Judge Binder's report and recommendation also suggests that the proper offense level should have been a 27, referring to § 2D1.1(b)(11) as the safety valve and arguing that it "not only provided a two-level reduction, but also eliminated the bar of the statutory minimum sentence . . . ." In fact, the Court did not apply the two-level reduction in concluding that the resulting offense level was 29.

V

In conclusion, several issues must be resolved before the Court can reach the underlying merits of the motion to vacate Defendant's sentence under 28 U.S.C. § 2255. Counsel will be appointed for Defendant and directed to brief the following issues: (a) whether Defendant's trial counsel's post-sentencing performance was constitutionally defective because she neglected her duty to discuss with her client the opportunity for, and advisability of, a direct appeal of his sentence, (b) the merits of the government's objections to the report and recommendation, and finally (c) whether any legal authority would permit this Court to correct it misapplication of U.S.S.G. § 2D1.1(b)(11) on a collateral appeal pursuant to § 2255. The government will also have an opportunity to respond to Defendant's briefing. When the supplemental briefing has been completed, an evidentiary hearing will be held, if necessary, to consider the extent to which Defendant and his trial counsel discussed the potential for a direct appeal of his sentence.

Accordingly, it is **ORDERED** that the report and recommendation is **ADOPTED** to the extent it concludes that Defendant's trial counsel was required to discuss his opportunity for direct appeal of his sentence.

It is further **ORDERED** that the report and recommendation is **REJECTED** as premature in its ultimate conclusion regarding Defendant's ineffective assistance of counsel claim.

It is further **ORDERE D** that Defendant's motion for appointment of counsel [Dkt. # 25] is **GRANTED** pursuant to 28 U.S.C. 2255(g) and 18 U.S.C. 3006A, and the matter is referred to United States Magistrate Judge Charles E. Binder for further proceedings pursuant to 28 U.S.C. § 636(b)(3).[3]

It is further **ORDERED** that Plaintiff is **DIRECTED** to submit supplementary briefing on or before **October 21, 2009**.

It is further **ORDERED** that the government is **DIRECTED** to respond by **November 4, 2009**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: September 24, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 24, 2009.

s/Tracy A. Jacobs
TRACY A. JACOBS

---

[3]Magistrate judges would typically handle appointment of counsel as a "pretrial matter" pursuant to 28 U.S.C. § 636(b)(1)(A).  This is not a "pretrial matter."  *See Callier v. Gray*, 167 F.3d 977, 982 n.9 (6th Cir. 1999).  It is, however, an administrative duty sufficiently similar to pretrial appointment of counsel such that reference is proper under § 636(b)(3).  *Id.* at 982–83.